**RANDY P. DAVENPORT, ESQ.**
Attorney-At-Law
50 Park Place, Suite 825
Newark, New Jersey 07102
(973) 623-5551 * Fax (973) 623-6868
Attorney for Plaintiff, Kevin Francis
rpdavenport@aol.com

| | |
|---|---|
| **KEVIN FRANCIS, through his guardian ad litem, Tamika Francis,** | UNITED STATES DISTRICT COURT<br>DISTRICT OF NEW JERSEY<br><br>DOCKET NO.: 09-3449(FSH) |
| **Plaintiff(s)** | |
| v. | **CIVIL ACTION** |
| **CITY OF NEWARK, ANTONIO TAVARES, individually and in his official capacity, ANTHONY MATOS individually and in his official capacity, ADOLPH VAZQUEZ, individually and in his official capacity, DARRIN MARASCO, individually and in his official capacity, JOHN DOES, 1 through 10, individually and in their official capacity and ROBERT DOES, 1 through 10, individually and in their official capacity.** | **AMENDED COMPLAINT** |
| **Defendant(s)** | |

Plaintiff, **KEVIN FRANCIS**, a citizen of the State of New Jersey, residing at 59 Spruce Street, Apt. 4-B, in the City of Newark by way of Complaint against the Defendants hereby says:

**JURISDICTION AND VENUE**

1. Jurisdiction of this court is evoked pursuant to 28 U.S.C. Section 1331 in as much as this matter involves causes of action arising under 22 U.S.C. Sections 1983, 1986 and the Fourth, Fifth and Fourteenth Amendment to the United States Constitution.

2. Jurisdiction of this court is evoked pursuant to 28 U.S.C. 1343 in as much as this matter involves causes of action seeking redress for the deprivation under color of state law of rights existing under the Fourteenth Amendment to the United States Constitution and 42 U.S.C. 1983 and 1986.

3.      The jurisdiction of the claims based on New Jersey law which are set forth in this complaint is invoked pursuant to pendant jurisdiction of this Court.

## COUNT ONE

## VIOLATION OF CIVIL RIGHTS

1.      Plaintiff Kevin Francis is a 15 year old juvenile and citizen of the State of New Jersey, residing at 59 Spruce Street, Apt. 4B, Newark, New Jersey.

2.      Defendants Antonio Tavares and Anthony Matos at the times alleged are citizens of the State of New Jersey and were employed by the City of Newark as Police Officers.

3.      Defendants Adolph Vazquez and Darrin Marasco at the times alleged are citizens of the State of New Jersey and were employed by the City of Newark as supervising Police Officers. Defendant Vazquez was a supervising officer over Vazquez and Marasco on the date in question.

4.      John Does 1 through 10 at the times alleged are citizens of the State of New Jersey and were employed by the City of Newark as Police Officers.

5.      Robert Does 1 through 10 at the time alleged are citizens of the State of New Jersey and were employed by the City of Newark as supervising police officers.

6.      John Does 1 through 10 and fictitious names of individuals who aided and abetted and/or conspired and/or acted to deprive Plaintiff of his civil rights.

7.      Robert Does 1 through 10 and fictitious names of individuals who aided and abetted and/or conspired and/or acted to deprive Plaintiff of his civil rights.

8.      The City of Newark is a municipal corporation in the State of New Jersey organized under the laws of the State of New Jersey whose principal place of business is 920 Broad Street, Newark, New Jersey.

9.      On July 17, 2007, Plaintiff was walking home in the City of Newark when he was approached by Officer Tavares and Matos.  He was ordered to put his hand on the car and was told they were looking for five people who tried to steal a car.

10. Tavares and Matos then ordered Plaintiff to admit his involvement in a crime. Plaintiff refused. One of the officers then told Plaintiff he was going to throw him over the bridge if he did not admit to being involved in criminal activity.

11. The officers then took Plaintiff to Independence Park where they were met by a supervising police officer. The supervising officer then told the officers to take Plaintiff home.

12. However, rather than take Plaintiff home, Tavares and Matos took Plaintiff to a secluded location in Newark where they verbally abused and viciously physically assaulted Plaintiff and urinated on him. After brutalizing Plaintiff the officers ordered Plaintiff to stay there and left him without rendering any assistance to him.

13. As a result of the actions of the City of Newark Police Officers, Plaintiff sustained serious and permanent injury and was hospitalized.

14. Plaintiff requested that an internal affairs investigation be opened to look into this matter. Defendant Darrin Marasco was a Lieutenant in the Newark Police Department's Internal Affairs Division. As part of the investigation Plaintiff provided Defendant Marasco the tee-shirt Plaintiff was wearing at the time that the Officers urinated on him.

15. Said tee-shirt was provided to Defendant Marasco so that a DNA analysis could be conducted to ascertain whether or not urine was located on the tee-shirt. Defendant City of Newark alleges that no metabolic waste products excreted in urine were detected on the tee-shirt.

16. Plaintiff has requested that the tee-shirt be returned to his attorney. However, rather than return the tee-shirt Defendants City of Newark and Defendant Marasco have falsely claimed that the tee-shirt is lost.

17. The intentional assault upon Kevin Francis by Defendants Tavares and Matos because he is an African-American, violated the rights of Plaintiff as guaranteed by the Fourth, Fifth, and Fourteenth Amendments of the United States Constitution the New Jersey Constitution and 42 U.S.C. Sections 1983, 1985 and 1986 in the Plaintiff was subjected to an unreasonable seizure without probable cause. He was deprived of his liberty without due process of law, and he was

subjected to cruel and unusual punishment, for which the defendant officers are individually liable.

     **WHEREFORE**, Plaintiff, KEVIN FRANCIS requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT TWO

### VIOLATION OF CIVIL RIGHTS

1.     Plaintiffs incorporates herein by reference the allegations contained in Count One as though the same were fully set forth at length herein.

2.     The intentional assault of Plaintiff by Defendants Tavares and Matos because Plaintiff is an African-American, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for the constitutional rights of Plaintiff.  Plaintiff is therefore entitled to exemplary damages.

     **WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT THREE

### VIOLATION OF CONSTITUTIONAL RIGHTS

1.     Plaintiffs incorporates herein by reference the allegations contained in Counts One through Two as though the same were fully set forth at length herein.

2.     It was the policy and practice of the City of Newark to authorize certain officers, including the Defendants Tavares and Matos to use excessive force in the arrest of minority youth who fit a certain profile.  This policy and practice of City of Newark encouraged and caused constitutional violations by police officers of the City of Newark including the violation of Plaintiff's constitutional rights by Defendants Tavares and Matos described in the foregoing paragraphs.

3.	At all times pertinent hereto, Defendant Adolph Vazquez and Robert Does 1 through 10 and other unknown supervisors who supervised the officers who unlawfully violated Plaintiff's rights, encouraged and tolerated the policies and practices described in the foregoing paragraphs.

4.	Defendants Adolph Vazquez and Robert Does 1 through 10 failed to adequately train, supervise, and/or control defendant officers so as to prevent the violation of the Fourth, Fifth and Fourteenth Amendments to the United States Constitution.  The New Jersey State Constitution, and § 42 U.S.C. 1983, 1985 and 1986.

5.	At all times pertinent hereto, Defendants Tavares and Matos were acting within the scope of their employment and pursuant to the aforementioned policies and practices were enforced by Defendants City of Newark and  Adolph Vazquez and/or Robert Does 1 through 10 are therefore liable for the violation of Plaintiff's constitutional rights by Defendants

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and other further relief as the Court may deem proper and just.

### COUNT FOUR

### CONSPIRACY TO VIOLATE CIVIL RIGHTS

1.	Plaintiffs incorporates herein by reference the allegations contained in Counts One through Three as though the same were fully set forth at length herein.

2.	Defendants, Vazquez, Matos, Tavares,  Marasco  and/or  John Does 1 through 10 and Robert Does 1 through 10, conspired to violate Plaintiff's right to equal protection of laws as more fully described in the foregoing paragraphs because Plaintiff is an African-American in violation of 42 U.S.C. § 1983, 1985, and 1986, for which Defendants are individually liable.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT FIVE

### CONSPIRACY TO VIOLATE CIVIL RIGHTS

1.      Plaintiffs incorporates herein by reference the allegations contained in Counts One through Four as though the same were fully set forth at length herein.

2.      Defendant City of Newark having knowledge that Defendants Tavares, Matos, Vazquez, Marasco, John Does 1 though 10 and Robert Does 1 through 10, conspired to violate the Plaintiff's civil rights because he is an African-American, and having power to prevent through its agents and assigns the violations of civil rights refused to do so in violation of 42 U.S. Sec. 1983, 1985 and 1986 for which the Defendants is liable.

   **WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT SIX

### ASSAULT AND BATTERY

1.      Plaintiffs incorporates herein by reference the allegations contained in Counts One through Five as though the same were fully set forth at length herein.

2.      The aggravated assault upon Plaintiff by Defendants when Defendants had no lawful authority to arrest Plaintiff, when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants Tavares and Matos was without justification or provocation, was excessive and constitutes and aggravated assault for which the Defendants are individually liable.

3.      As a proximate result of the aggravated assault committed by Defendants, Plaintiff has sustained permanent injuries and has incurred medical bills and expenses.  These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT SEVEN

## ASSAULT AND BATTERY

1.     Plaintiffs incorporates herein by reference the allegations contained in Counts One through Six as though the same were fully set forth at length herein.

2.     The intentional beatings and verbal abuse of Plaintiff by Defendants Tavares and Matos when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendant or others, when Defendants did not have lawful authority to arrest Plaintiff or to use deadly or non-deadly force against him, was done with actual malice toward Plaintiff and with willful and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff.  Plaintiff is thus entitled to exemplary damages.

3.     As a proximate result of the aggravated assault committed by Defendants, Plaintiff has sustained permanent injuries and has incurred medical bills and expenses.  These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT EIGHT

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Seven as though the same were fully set forth at length herein.

2. Defendants, Tavares and Matos intentionally assaulted and verbally abused Plaintiff in such a manner that was extreme outrageous, and unjustified, and caused Plaintiff to suffer permanent physical and emotional distress for which Defendants are individually liable.

3. As a proximate result of the aggravated assault committed by Defendants, Plaintiff has sustained permanent injuries and has incurred medical bills and expenses. These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT NINE

### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Eight as though the same were fully set forth at length herein.

2. The intentional assault and verbal abuse of Plaintiff by Defendants Tavares and Matos were unjustified and done with actual malice and wanton indifference to and deliberate disregard for human life and the rights of Plaintiff. Plaintiff is thus entitled to exemplary damages.

3. As a proximate result of the aggravated assault committed by Defendants, Plaintiff has sustained permanent injuries and has incurred medical bills and expenses. These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT TEN

## RESPONDEAT SUPERIOR LIABILITY

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Nine as though the same were fully set forth at length herein.

2. At all times pertinent hereto, Defendants, Tavares, Matos, Vazquez, Marasco, John Does 1 through 10 and Robert Does 1 through 10, were acting within the scope of their employment as an officer of the City of Newark.

3. The City of Newark is liable for compensatory damages under the doctrine of respondeat superior for the intentional torts of Defendants committed within the scope of their employment.

4. As a proximate result of the, Plaintiff has sustained permanent injuries and has incurred medical bills and expenses. These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT ELEVEN

## RESPONDEAT SUPERIOR LIABILITY

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Ten as though the same were fully set forth at length herein.

2. City of Newark through its agents expressly authorized Defendants Tavares, Matos, Vazquez, Marasco, John Does 1 through 10 and Robert Does 1 through 10 to use excessive force knew, through its agents, that the defendant officers had a propensity for committing intentional torts, using excessive force in the line of duty, and acquiesced in the Defendant's wrongful

conduct. Plaintiff is thus entitled to exemplary damages against the City of Newark for the malicious conduct to Plaintiff.

3. As a proximate result Plaintiff has sustained permanent injuries and has incurred medical bills and expenses. These injuries have caused and will continue to cause Plaintiff great pain and suffering, both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT TWELVE

### NEGLIGENCE

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Eleven as though the same were fully set forth at length herein.

2. Defendants, Tavares, Matos, Vazquez, Marasco, John Does 1 through 10 and Robert Does 1 through 10, while acting as agents and employee for the City of Newark in their capacity as police officers for the City of Newark, owed a duty to Plaintiff to perform their police duties without using excessive force. Defendants' use of force upon Plaintiff when Plaintiff was unarmed and did not pose a threat of death or grievous bodily injury to Defendants or others constitutes negligence for which Defendants are individually liable.

3. As a proximate result of Defendants' negligent use of excessive force, Plaintiff has sustained permanent injuries and he has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT THIRTEEN

### NEGLIGENCE

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Twelve as though the same were fully set forth at length herein.

2. At all times of the alleged incident Defendants Tavares, Matos, Vazquez, Marasco, were acting within the scope of their employment as officers of the City of Newark Police Department.

3. As a proximate result Plaintiff has sustained permanent injuries and he has incurred medical bills and other expenses. Theses injuries have caused and will continue to cause Plaintiff pain and suffering both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT FOURTEEN

### NEGLIGENCE

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Thirteen as though the same were fully set forth at length herein.

2. City of Newark's failure to provide adequate training and supervision to its police officers constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

3. As a proximate result Plaintiff has sustained permanent injuries and he has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT FIFTEEN

## FALSE IMPRISONMENT

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Fourteen as though the same were fully set forth at length herein.

2. Defendants Tavares and Matos unjustifiably detained Plaintiff and/or detained him for a unreasonable amount of time and in an unreasonable manner.

3. Defendants Tavares and Matos falsely imprisoned Plaintiff. As a proximate result of the false imprisonment, Plaintiff suffered the permanent damages as aforesaid.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT SIXTEEN

## NEGLIGENCE

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Fifteen as though the same were fully set forth at length herein.

2. At all times of the alleged incident Defendants were acting within the scope of their employment as officers of the City of Newark Police Department.

3. As a proximate result Plaintiff has sustained permanent injuries and he has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT SEVENTEEN

### NEGLIGENCE

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Sixteen as though the same were fully set forth at length herein.

2. City of Newark's failure to provide adequate training and supervision to its police officer constitutes a willful and wanton indifference and deliberate disregard for human life and the rights of private citizens, including Plaintiff. Plaintiff is thus entitled to exemplary damages.

3. As a proximate result Plaintiff has sustained permanent injuries and he has incurred and will continue to incur medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering, both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## COUNT EIGHTEEN

### NEGLIGENCE

1. Plaintiffs incorporates herein by reference the allegations contained in Counts One through Seventeen as though the same were fully set forth at length herein.

2. At all times of the alleged incident Defendants Tavares, Matos, Vazquez, Marasco, John Does 1 through 10, in their individual and official capacities were acting within the scope of their employment as police officers of the City of Newark.

3. As a proximate result of Defendants' negligence, Plaintiff has sustained permanent injuries and he has incurred medical bills and other expenses. These injuries have caused and will continue to cause Plaintiff pain and suffering, both mental, emotional and physical.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

# COUNT NINETEEN

## VIOLATION OF THE NEW JERSEY
## CIVIL RIGHTS ACT OF 2004

1. Plaintiff incorporates herein by reference the allegations contained in Counts One through Eighteen as though the same were fully set forth at length herein.

2. Defendants each of them, failed to adequately perform or negligently performed and official duty and/or conspired to violate Plaintiff Civil rights as protected by the New Jersey Civil Rights Act of 2004.

**WHEREFORE,** Plaintiff requests judgment against Defendants for damages, together with attorney fees and costs of suit and any other and further relief as the Court may deem proper and just.

## JURY DEMAND

Pursuant to R.38 of the Federal Rules of Civil Procedure, Plaintiff demands a jury trial on all issues so triable.

## DESIGNATION OF TRIAL COUNSEL

PLEASE TAKE NOTICE that Randy P. Davenport, Esq., is hereby designated as trial counsel.

## CERTIFICATION

Counsel certified that this pleading is presented in compliance to R.11 of the Federal Rules of Civil Procedure.

Dated: April 17, 2010       Randy P. Davenport, Esq.,  /S/Naf
                            RANDY P. DAVENPORT, ESQ.
                            Attorney for Plaintiff, Kevin Francis